## UNITED S. S. CO. v. HAND & JOHNSON TUG LINE.

No. 2157.

District Court, W. D. New York.

Feb. 13, 1945.

Johnson & Branand, of Cleveland, Ohio, and Richards & Coffey, of Buffalo, N. Y., for libelant.

McKeehan, Merrick, Arter & Stewart and George William Cottrell, all of Cleveland, Ohio, and Arthur E. Otten, of Buffalo, N. Y., for respondent.

KNIGHT, District Judge.

This is a suit in admiralty. Libel was filed on September 8, 1944, and the answer and interrogatories were filed on Decem-

952

ber 4, 1944. The interrogatories were answered on December 18, 1944. On January 29, 1945, libelant filed a note of issue for a trial herein at the present term of the Admiralty Court. On the same day the respondent obtained leave of the Court, without notice, to file additional interrogatories, and at the same time served with it a demand for a jury trial. Libelant now moves to strike respondent's demand for a jury trial.

■ This is a cause in admiralty relating to a matter of tort and coming within the provisions of Section 770, Title 28 U.S.C.A., R.S. §§ 566, 648. The sole question is whether the time in which to serve the demand for a jury trial has expired where additional interrogatories have been filed with the consent of the court and which have not been answered.

Rule 44 of the U. S. Admiralty Rules, 28 U.S.C.A. following section 723, provides that the District Courts may regulate its practice in admiralty.

Admiralty Rule 46 of this District permits a party to serve a demand for a jury trial in an action under Section 770, supra, "in his pleading; or by a separate written demand filed simultaneously therewith or when interrogatories are propounded either party may file such demand at any time within ten days after the answers to such interrogatories are filed."

There is nothing in the rules that provides that the filing of additional interrogatories be made after notice.

The order having been granted permitting the filing of the additional interrogatories, and these not having been answered or exception taken thereto, the respondent is within its rights in now applying for jury trial.

■ The denial of this motion brings up the question of when and how the trial may be had. Section 771, Title 28 U.S.C.A., Sec. 1, 43 Stat. 938, provides that the court may "upon the consent of the parties * * * impanel a jury of not less than five and not more than twelve persons, to whom shall be submitted the issues of fact in such cause." So, if the parties agree, the course indicated in this section will be followed. Otherwise it would be best if the parties agree to the trial of the cause at the next regular jury term of this court to be held commencing March 13, 1945. This will remove any question as regards the drawing of usual number of juries drawn for the trial of civil actions at this admiralty term. In the event of such agreement, the parties should further agree that the cause be put on for trial for March 14, 1945, and that the case pending on this calendar between the same parties be placed on the calendar to follow the instant cause.